IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE ALI, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JOHN CALLAGHAN AND CITY OF CHICAGO, )<br>)<br>Defendants. ) | No. 08 C 5895<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Ernestine Ali sued a Chicago Police Officer, John Callaghan, and the City of Chicago[1] after Callaghan allegedly failed to respond to her complaints of criminal behavior targeting her. The Defendants move to dismiss. Ali failed to respond to Defendants' motion, even after receiving an extension of time in order to seek a lawyer. Nonetheless, the Court takes as true the following facts from Ernestine Ali's *pro se* Complaint.

On September 18, 2006, Ali informed the Chicago Police Department that she was receiving harassing phone calls on her cell phone and was being followed by her co-workers and neighbors. (Pl.'s Compl.) Initially, Officer Richard Dugan responded to Ali's complaint and assigned it to Detective John Callaghan. (Pl.'s Compl.) Detective Callaghan sent Ali a letter informing her that she needed to contact the Ameritech Annoyance Bureau before pursuing the

---

[1] The Defendants argue, even in their reply, that Ali sues the Chicago Police Department, which is not an entity that can be sued, but neglect to consider the Court's minute order of April 2, 2009, in which it granted Ali's motion to substitute the City of Chicago for the Chicago Police Department. *See* Doc. #35. The Court observes, however, that the City of Chicago has not been served, as the Court neglected to order the U.S. Marshal to serve summons after granting Ali's motion. Consequently, the Court does so here.

1

matter criminally. (Pl.'s Ex. 1) In the letter, Detective Callaghan explained how a phone "Trap" works.[2] (Pl.'s Ex. 1.) After receiving the letter, Ali tried to contact Detective Callaghan, but he did not return her calls. (Pl.'s Compl.) The stalking continued, and Ali was drugged and raped. (Pl.'s Compl.)

Ali claims that the Chicago Police Department discriminated against her by failing to investigate her complaint. (Pl.'s Compl.) Ali asks for compensation for her injuries, naming both Detective Callaghan and the City of Chicago as defendants. (Pl.'s Compl.) The Defendants move to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6). (Def. Mot.)

Dismissal under Fed. R. Civ. Pro. 12(b)(6) is proper only where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To state a claim, the complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). A complaint need not allege specific facts, nor even legal theories. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009). Still, a plaintiff must make sufficient factual allegations to raise the right to relief above a speculative level and to provide adequate notice of her right to relief. *Twombly*, 127 S.Ct. at 1959. Although courts liberally construe *pro se* plaintiffs' complaints, even a *pro se* litigant must state a claim to withstand dismissal under Fed. R. Civ. Pro. 12(b)(6). *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996).

---

[2] A "Telephone Trap" provides a computer generated listing of the incoming calls to Ali's telephone number. (Pl.'s Ex. 1.).

The Court might first construe Ali's claim as one arising under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that a defendant acting under the color of the law deprived her of a constitutionally protected right. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). Ali cannot, however, claim that the defendants violated her substantive due process rights. With limited exceptions that are not relevant here, the state's failure to protect a person from another private citizen does not violate the due process clause. *DeShaney v. Winnebago County Dept. Of Soc. Svcs.*, 489 U.S. 189, 202-03, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The Seventh Circuit has made plain that a city police department has no affirmative duty to a person to investigate a threat from a private person. *Hernandez*, 324 F.3d at 538. In *Hernandez*, the plaintiffs' supervisor reported threats of imminent violence made by one of the plaintiffs' coworkers. *Id.* at 536. The police failed to respond to those threats, and the co-worker returned and shot the two plaintiffs, among others. *Id.* The Seventh Circuit applied *DeShaney* and noted that the police department had "no constitutional duty to protect private citizens from injuring each other, at least where the police department has not itself created the danger." *Id.* at 538.

In this case, the Chicago Police Department and Detective Callaghan owed Ali no affirmative duty to investigate her claim. The police did not have a duty to protect Ali from danger from another private person, and therefore, neither Callaghan nor the Chicago Police Department violated Ali's substantiative due process rights.

That is, unfortunately, where the Defendants' analysis of Ali's claim ends. However, Ali's allegations invoke other constitutional rights besides those found in the Due Process

Clause. Ali, for example, might argue that the Defendants deprived her of the right to the equal protection of the laws. Although the state has no obligation to provide citizens with police protection, it cannot establish a police force and then provide that protection to only certain favored classes of people. Selective withdrawal of police protection is, in fact, the prototypical denial of equal protection. *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000); *see also Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 957 (7th Cir. 2002) (concurring opinion); *Jefferson v. City of Harvey*, No. 98 C 5834, 2000 WL 15097, at *5 (N.D. Ill. 2000). Thus, if Ali claims the police refused to investigate her claim because she is black or because she is female, she would state a claim under § 1983. Moreover, if the police withhold police protection purely out of malice, a plaintiff may press a "class of one" claim for the denial of equal protection. *Olech v. Village of Willowbrook*, 160 F.3d 386, 387-88 (7th Cir. 1998); *see also Hilton*, 209 F.3d at 1007-08 (collecting cases).

Ali does not expressly state why she believed that the police failed to investigate her claim — only that they did so because they discriminated against her. If they did so because she was black or female or simply because they bore her ill-will, then Ali may state a claim for the denial of equal protection. Under either theory, Ali's claim against the Defendants survives, and, as noted earlier, Ali need not plead legal theories in support of her claim. Instead, she need only plead sufficient facts to raise her right to relief above the speculative level. She has done so, albeit barely, in alleging that Detective Callaghan's refusal to investigate her claim was discriminatory. Defendants can learn in discovery whether Ali believes this discrimination is due to her race, her gender, or based upon impermissible malice.

The Court DENIES the motion to dismiss.

IT IS SO ORDERED.

8/25/09  
Dated

Hon. William J. Hibbler
U.S. District Court